UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK,
( MANHATTAN DIVISION)

|  |  |
|---|---|
| In Re: | |
| S.L.B. ESSEX FAMILY LIMITED PARTNERSHIP<br>Debtor | Case No.19-13576<br>Chapter 11 |
| SIDNEY & LAUREN BERGER QUALIFIED<br>PERSONAL RESIDENCE TRUST | Case No. 19-13575<br>Chapter 11 |

**AFFIDAVIT OF LAUREN IRMA YETERIAN BERGER PURSUANT TO RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES FOR THE SOUTHERN DISTRICT OF NEW YORK IN SUPPORT OF FIRST-DAY MOTIONS AND APPLICATIONS**

STATE OF NEW YORK )
COUNTY OF NEW YORK )

I Lauren Irma Yeterian Berger being dully sworn, hereby deposes and says:

1. I am the Manager of the SLB Essex Family Limited Partnership "Essex House Partnership"). I am also the sole beneficiary of the companion case Debtor Sidney and Lauren Berger Qualified Residence Trust. I am the only member of the Essex House Partnership. In that capacity, I am familiar with the sole asset of each Debtor and the day-to-day operations, businesses, and financial affairs of both Debtor's

2. This affidavit is made pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") to assist the Court and other parties in interest in understanding the circumstances that compelled the

1

commencement of this chapter 11 case for the "Essex House Partnership" and the Sidney & Lauren Berger Qualified Residence Trust, and in support of (i) the Debtor's petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") filed on November 7, 2019 (the "Commencement Date") and (ii) the relief, in the form of motions and applications, that the Debtor has requested of the Court.

3. The facts set forth in this affidavit are based upon my personal knowledge or my opinion based upon experience, knowledge, and information concerning each Debtor's operations and financial affairs. If called upon to testify, I would testify competently to the facts set forth in this affidavit. I am authorized to submit this affidavit on behalf of each Debtor.

**Description and History of Essex House Apartments Rule 1007-2 (1)**

4. The Essex House partnership consists of a single asset, a two -bedroom furnished apartment located in the "Essex House" and known as Units 1101 and 1162 at 160 Central Park South New York, New York. Although the apartments were originally two sperate unit they were combined and now are owned and operated as one unit.

5. The Debtor acquired ownership of 160 Central Park South by deed dated June 1, 2006, and recorded on September 8, 2006, at CRFN 2006000508467 in the Office of the City Register of the City of New York. The Debtor conveyed 160 Central Park South to S.L.B. Essex Family Limited Partnership (**Essex Partnership**) by deed dated June 8, 2007, and recorded on April 2, 2012, at CRFN 2012000128069 in the Office of the City Register of the City of New York.

6. Sidney & Lauren Berger executed a note, dated June 1, 2006, in which they promised to pay a sum of $2,500,000.00 to CitiMortgage As security for the payment of the note the

Debtor executed two cross-collateralized mortgages in favor of CitiMortgage in the total amount of $2,500,000.00, of which $2,222,500.00 is secured by 160 Central Park South, and $277,500.00 is secured by 49 Seaview. The 160 Central Park South mortgage was recorded on September 8, 2006, at CRFN 2006000508468 in the Office of .the City Register of the City of New York.

7. The "Seaview " property was foreclosed upon by CITI and I am not aware of any credit to the CITI mortgage that encumbers the Essex House apartment for foreclosure sale proceeds received by CITI for 49 Seaview.

8. CitiMortgage commenced an action to foreclose the mortgages on October 7, 2014 in the Supreme Court of the State of New York, County of New York styled *CitiMortgage, Inc. v. S.L.B. Essex Family Limited Partnership, et al.*, index no. 850306/2014. On or about October 15, 2017 a final foreclosure judgment was entered the Debtor, Sidney Berger and Lauren Berger in the amount of $3,415,761 plus allowed costs.

9. To the best of my knowledge and belief although a final judgment of foreclosure was entered no foreclosure sale date had been scheduled for the Essex House apartments.

10. My husband Sidney Berger is deceased.

11. Lauren Berger individually pro se filed an original Chapter 13 petition In the United States Bankruptcy Court for the Eastern District of New York. (Case # 8-19-70804). I did not meet the jurisdictional requirements for a Chapter 13, and that petition was dismissed.

**Description and History of Sidney & Lauren Berger Qualified Residence Trust ("Westhampton Beach Property") Rule 1007 -2 (1)**

12. The Sidney & Lauren Berger Qualified Residence Trust owns the residence property located at 26 Griffing Avenue Westhampton Beach, New York. The general property

3

description is a home built in approximately 1997 that has five bedroom and detached garage a pool and is waterfront.

13. Sidney and Lauren Berger acquired the property by deed dated June 23, 2003, and recorded on August 4, 2003, at Liber D00012265, Page 944, in the Office of the Suffolk County Clerk. Sidney & Lauren Berger executed a mortgage, dated June 23, 2003, in favor of Morgan Stanley, pledging 26 Griffing as security for the repayment of a loan in the amount of $912,680.52, which was recorded on August 4, 2003, at Liber M00020462, Page 825, in the Office of the Suffolk County Clerk. The Berger's also executed a Consolidation, Modification and Extension Agreement on June 23, 2003, consolidating the April 19, 2000 mortgage and June 23, 2003 mortgage into a single mortgage lien on 26 Griffing in the amount of $1,296,250.00. The 2000 mortgage, 2003 mortgage and 2003 CEMA were assigned by Morgan Stanley to CitiMortgage by assignment of mortgage dated September 21, 2005, and recorded on February 1, 2006, at Liber M00021225, Page 985, in the Office of the Suffolk County Clerk.

14. In September 2005 Sidney & Lauren Berger executed a consolidated note and mortgage with CitiMortgage in the amount of $2,000,000.

15. Lauren Berger conveyed 26 Griffing to the Sidney and Lauren Berger Qualified Personal Residence Trust (**the Debtor**) by deed dated June 8, 2007, and recorded at Liber D00012697, Page 062, in the Office of the Suffolk County Clerk.

16. A final judgment of foreclosure was entered by the Supreme Court County of Suffolk on or about October 29, 2018. I believe that the final judgment was in the amount of $2,554,383.

17. A foreclosure sale had been scheduled with a sale date of November 14, 2019 and that sale was stayed when the instant petition was filed.

**Events Leading To Chapter 11 for "Essex House" and "Westhampton Beach "**

**Rule 1007-2 (1)**

18. Sidney & Lauren Berger had other properties encumbered by mortgages by CitiMortgage. Known as 45 Doubling Road Greenwich CT 06830, 97 Waterside Close Eastchester, NY 10709, and 49 Seaview Avenue New Rochelle, NY 10801. The three properties were sold at foreclosure sale by CitiMortgage.

19. Sidney Berger filed for Chapter 11 relief in the United States Bankruptcy Court for the Southern District of New York (Case No. 16-10366-scc) on February 18, 2016. On motion of CitiMortgage and pursuant to an "Agreed Order" the Chapter 11 was dismissed on April 4, 2017.

20. Lauren Berger filed a "pro se" Chapter 13 in The United States Bankruptcy Court for the Eastern District of New York on January 31, 2019 (Case # 8-19-70804 -reg. The case was dismissed upon objection to debtor's Chapter 13 Plan filed by CitiMortgage that the debtor, Lauren Berger did not qualify as a Chapter 13 debtor.

21. During the past several years Lauren Berger's husband Sidney Berger was in declining health and I could not properly oversee my business of renting luxury properties, care for my husband and be involved in the extensive foreclosure litigation with CitiMortgage.

22. My business is luxury property rentals, and among the properties my rental company rents is the Essex House and Westhampton Beach properties. Both properties are rented on "short term" rental basis. However, with the foreclosure litigation pending together with caring for my husband prior to his death I was limited in renting the properties. The

5

properties are rented several months or even much longer in advance of the tenants' occupancy. An example would be a summer rental for Westhampton Beach. The rental commitment for "next" season is made following the current "season". Due to the uncertain situation due to the pending foreclosures I did not rent the Westhampton Beach property and limited the rental of the Essex House to short rentals that would not be disrupted by a foreclosure or foreclosure sale.

23. Now that Chapter 11 cases have been filed I can now arrange for the rental of both properties with some certainty that the occupants will have access to the properties and their tenancy will not be prematurely terminated by a foreclosure sale, or other even without appropriate notice.

**Other Information Required By Local Bankruptcy Rule 1007-2**

24. Rule 1007 -2 (2) Not Applicable

25. Rule 1007 -2 (3) Not Applicable

26. Rule 1007 -2 (4) The debtors have filed schedules and statement of affairs with each petition. There are no unsecured creditors of either debtor. There is only one secured creditor of each debtor CitiMortgage Corp. CitiMortgage has first mortgages on each of the debtor's properties and as discussed above has final judgments of foreclosure.

27. Rule 1007 -2 (5) This information is contained in the schedules filed in each case, and the information included above.

28. Rule 1007 -2 (6) This information is contained in the schedules filed in each case, and the information included above.

29. Rule 1007-2 (7) This information is contained in the schedules filed in each case, and the information included above. The debtors have one owner of their membership interest Lauren Irma Yeterian Berger.

30. Rule 1007-2 (8) None.

31. Rule 1007-2 (9) Premises owned by each debtor see above.

32. Rule 1007-2 (10) The location of the debtor's real property is the address of each debtor's real estate as set forth in the schedules and above. The debtor's books and records are maintained at 330 W. 56th St Apartment 15 G Ny, NY. 10019, or at the offices of the accountant identified in the statement of affairs.

33. Rule 1007 -2 (11) Actions or proceedings against each debtor. See above references to the foreclosure cases and the status by CitiMortgage Corp.

34. Rule 1007- 2 (12) The name of each debtor's sole manager "member" and decision maker is Lauren Irma Yeterian Berger. Ms. Berger has been involved in real estate transaction for approximately 40 years and is very experienced in leasing luxury reports and has be awarded numerous professional awards or peer accolades for her professionalism.

35. Rule 1007 -2 (b) (1): It is the intention of each debtor to have their property leased. The debtors will have no payroll.

36. Rule 1007-2 (b) (2) (A) (B) Lauren Berger will not be paid from the debtor's rental income. Her rental expenses or rental commissions may be reimbursed from the gross rent received. The reimbursements will not exceed $5000 per month without a court order being entered authorizing said reimbursement.

37. Rule 1007-2 (b) (2) ( C ): No financial consultant has been retained and it is believed none will be retained.

38. Rule 1007-2 (b) (2) ( D): The following estimate of receipts and disbursements, expenses for each debtor are provided:

A: Essex House: Gross Income November 7, 2019 to December 7, 2019 $20,000

| | |
|---|---|
| Expenses house- keeping commissions | $2000 |
| Condominium Fees and real estate taxes | $6000 |
| Total Expenses | $8000 |
| NOI | $12,000[1] |

B. Westhampton Beach property:

| | |
|---|---|
| Gross income November 7, 2019 to December 7, 2019 | 0 |
| Expenses taxes accrued | $3000 |
| Caretaking and Repairs | $1500 |
| Net Loss: | $4,500[2] |

39. Rule 1007 -2 ( E ) Case Conference Order: Counsel for the debtor has discussed a date for the initial case conference with the Court. The date has been scheduled for December 2, 2019 at 2:00 P.M. Debtor's counsel plans to attend through Court Solutions. Should a personal appearance be required counsel may seek to change the date at the court's leisure to the following week, to avoid flying on Sunday December 1, 2019 (the end of the Thanksgiving weekend).

---

[1] Each Debtor is preparing a six month and 12- month budget and will file same to supplement this affidavit when completed.

[2] The rental for Westhampton Beach is seasonal. Once this situation stabilizes as discussed above the property can be rented and provisions made to protect the rent deposits.

8

_Lauren Irma Yeterian Berger_
Lauren Irma Yeterian Berger

Sworn to before me a Notary Public for the State of ~~New York~~ Florida, County of ~~New York~~ Broward this 19 day of November 2019.

Name of Notary Richard W. Ashley, Jr. Vice Ass~~
Seal: _____
Notary Number: GG 131102
Commission Expires: 08-03-21
Qualified: ~~New York~~ Broward County

RICHARD W. ASHLEY, JR.
Notary Public – State of Florida
Commission # GG 131102
My Comm. Expires Aug 3, 2021

9